IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC., | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) FILE NO. _____ ) |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Southeastern Legal Foundation, Inc. (SLF), for its Complaint against Defendant United States Department of Education (DOE), states as follows:

## INTRODUCTION

1. The Freedom of Information Act (the FOIA), 5 U.S.C. § 552, enacted in 1966, provides the public with a right of access to federal agency records.

2. The people must know what the government is doing. "Open government has been recognized as the best insurance that government is being conducted in the public interest."[1] Our Founding Fathers' commitment to open government and the public's right to information can be seen in the First

---

[1] *Am. Fed'n of Gov't Emps. v. Rosen*, 418 F. Supp. 205, 207 (N.D. Ill. 1976).

Amendment, which "protects not only the right of citizens to speak and publish, but also to receive information."[2] The FOIA is "an affirmative congressional effort to give meaningful content to constitutional freedom of expression." *See* S. Rep. No. 93-854, at 153-54 (May 16, 1974).

3.  This is an action brought pursuant to the FOIA to compel Defendant to produce records responsive to an outstanding FOIA request submitted to Defendant, via its Office of the Executive Secretariat and FOIA Requester Service Center, on June 9, 2022.

4.  In its FOIA Request, SLF sought public records relating to documents and communications regarding the investigation by the Office of Civil Rights (OCR) at the DOE into matter #05-19-1395, involving the Board of Education of Evanston/Skokie School District 65, IL, including OCR's conclusion, resolution, or termination of the matter. A precise recitation of the request is detailed below in ¶12.

5.  Defendant has failed to meet the statutory deadline for its response in the form of a determination on the FOIA Request dated June 9, 2022, and received by Defendant the next day, because it failed to respond within twenty days (not

---

[2] *Providence J. Co. v. FBI*, 460 F. Supp. 762, 776 (D.R.I. 1978) (quoting S. Rep. No. 93-854 at 154 (May 16, 1974)), *rev'd on other grounds*.

including weekends and federal holidays).³ *See* 5 U.S.C. § 552(a)(6)(A)(i). Over 463 days have lapsed since Defendant received the FOIA Request. The FOIA allows Defendant to request a ten-day extension, which it failed to do. *See* 5 U.S.C. §552(a)(6)(B)(i). Regardless, the statutory time limit for an extension has also lapsed.

6. Accordingly, SLF files this lawsuit to compel Defendant to comply with the FOIA.

## THE PARTIES

7. Plaintiff Southeastern Legal Foundation is a national nonprofit, public interest law firm and policy center that advocates constitutional individual liberties, limited government, and free enterprise in the courts of law and public opinion. SLF's programs include analysis, publication, and litigation efforts seeking to

---

³ DOE's regulations state that it:

> may extend the time period for processing a FOIA request only in unusual circumstances . . . in which case the Department notifies the requester of the extension in writing. For extensions of more than 10 additional working days, the Department must also notify the requester, in writing, of the right to seek dispute resolution services from the Office of Government Information Services. A notice of extension affords the requester the opportunity either to modify its FOIA request so that it may be processed within the 20-day time limit, or to arrange with the Department an alternative time period within which the FOIA request will be processed.

34 C.F.R. § 5.21(e) (2019). DOE did not provide SLF notice of any request for an extension.

eradicate racial discrimination and woke ideology from American public education institutions.

8. Defendant Department of Education is a federal agency headquartered in Washington, D.C. By its own admission, Defendant has possession, custody, and control of the records to which SLF seeks access.

## JURISDICTION AND VENUE

9. SLF brings this lawsuit pursuant to the FOIA. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the district in which SLF has its principal place of business, and 28 U.S.C. § 1331, because the resolution of disputes under the FOIA presents a federal question.

10. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the district in which SLF has its principal place of business, and 28 U.S.C. § 1391(e)(1), because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Georgia.

## FACTUAL BACKGROUND

11. In a letter dated June 9, 2022, SLF submitted a FOIA request by electronic mail to the DOE's FOIA Public Liaison, via the email address of EDFOIAManager@ed.gov (the FOIA Request).

12. In the FOIA Request, SLF sought the following six types of records:

All documents and communications related to the withdrawal, suspension, and/or current status of the Letter of Finding and/or

4

resolution agreement regarding the complaint filed against the Board of Education of Evanston/Skokie School District 65, IL (OCR #05-19-1395) (January 2021-present).

All documents and communications related to any proposed resolution agreement regarding the complaint filed against the Board of Education of Evanston/Skokie School District 65, IL (OCR #05-19-1395) (Jan 2021-present).

All communications between the Department of Education and the Board of Education of Evanston/Skokie School District 65, IL regarding lawsuit styled Deemar v. Board of Education of the City of Evanston/Skokie (case no. 1:21-cv-03466) filed in the Northern District of Illinois (June 2021-present).

All communications between Department of Education and the Board of Education of Evanston/Skokie School District 65, IL resulting in the letter of finding and resolution agreement regarding the complaint filed against Evanston/Skokie School District 65 (OCR #05-19-1395) (December 2020-present).

All communications between Department of Education and the School District of Springfield, MO regarding the lawsuit styled Deemar v. Board of Education of the City of Evanston/Skokie filed (case no. 1:21-cv-03466) in the Northern District of Illinois (August 2021-present).

All communications between Department of Education, the Office of Civil Rights at the Department of Education, and the Board of Education of Evanston/Skokie School District 65, IL (2019-January 2021).

(Exhibit 1 at 1−2.)

13.     SLF sought a waiver of search, review, and reproduction fees pursuant to the FOIA (5 U.S.C. § 552(a)(4)(A)(iii)) because the information sought was in the public interest, was likely to contribute to public understanding of the operations and

5

activities of government, and because SLF had no commercial interest in the information. (Id. at 2–3.)

14. On June 10, 2022, via electronic mail, the DOE issued SLF two acknowledgment letters regarding the FOIA Request. DOE assigned SLF's FOIA request tracking number 22-02931-F. (Exhibit 2 & Exhibit 3.)

15. On June 23, 2022, DOE denied SLF's request for a fee waiver and informed SLF that it would notify SLF if, after locating the documents, the fee would exceed $25.00. (Exhibit 4.)

16. Over a year elapsed before SLF heard anything further from DOE regarding the FOIA Request. On July 24, 2023, a compliance team investigator at DOE, Stacy Bobbitt, emailed SLF "apologiz[ing] for the delay in processing [the] FOIA request" and asking whether SLF remained interested in receiving the requested records. The email advised SLF that it had 30 days to respond, otherwise DOE would administratively close the FOIA Request. (Exhibit 5 at 2; *see also id.* at 1.)

17. The very next day, July 25, 2023, SLF responded, stating it was still interested in the records and asking DOE to provide an estimate of when it would produce the records. Ms. Bobbit replied that DOE would process the FOIA Request and provide a status update. (*Id.* at 1.)

18. When six months passed without any communication from DOE, SLF, on January 24, 2024, contacted DOE, via Ms. Bobbit, regarding the status of the FOIA Request and advised DOE that it was evaluating the case for potential litigation. (Exhibit 6 at 2.)

19. Ms. Bobbit again apologized for the delay and assured SLF that she would "follow up with [SLF] with a case status by the end of the week." (*Id.* at 1.)

20. On Friday, January 26, 2024, Ms. Bobbit advised that DOE was still checking on the status of the FOIA Request and would provide a further response. (*Id.*)

21. As of the date of this complaint, SLF has not received any other communications from DOE and is still awaiting DOE to produce the documents identified in its June 9, 2022, FOIA Request.

22. As of the date of this complaint, DOE's FOIA tracker lists SLF's FOIA request with tracking number 22-02931-F as "in process."

23. As of the date of this complaint, 463 days, excluding weekends and federal holidays, have now lapsed since the DOE received the FOIA Request on June 10, 2022.

24. Under 5 U.S.C. § 552(a)(6)(C)(i), SLF is deemed to have exhausted its administrative remedies with respect to the FOIA Request.

# COUNT I
### (Violation of the FOIA, 5 U.S.C. § 552)

25.  SLF realleges paragraphs 1 through 24 as if fully stated herein.

26.  The FOIA requires agencies subject to the FOIA to make access to all "records promptly available to any person," subject to certain exceptions. 5 U.S.C. § 552(a)(3)(A).

27.  Defendant is an agency subject to the FOIA under 5 U.S.C. § 552.

28.  SLF's FOIA Request properly seeks records within the possession, custody, and/or control of Defendant under the FOIA, and the FOIA Request complied with all applicable regulations regarding submitting the FOIA requests. Defendant's July 24, 2023; July 26, 2023; January 24, 2024; and January 26, 2024, emails to SLF are admissions of SLF's compliance.

29.  Defendant is in violation of the FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to SLF's request and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the request.

30.  SLF is being irreparably harmed by Defendant's violation of the FOIA and will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

31.  Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SLF is deemed to have exhausted its administrative remedies with respect to the FOIA Request because

Defendant needed to make a final determination of SLF's FOIA Request within the time limits set by the FOIA. Accordingly, determination was due by July 11, 2022, at the latest.

32. Because Defendant failed to make a final determination on SLF's FOIA Request within the time limits set by the FOIA, SLF is deemed to have exhausted its administrative appeal remedies.

## PRAYER FOR RELIEF

33. Enter an immediate order directing the Department of Education to preserve all records potentially responsive to the FOIA Request and prohibiting Defendant, its employees, agents, or representatives from transporting, concealing, removing, destroying, or in any way tampering with records potentially responsive to said Request;

34. Enter an order declaring that Defendant has violated the FOIA and that SLF is entitled to a true, accurate, and complete response to its FOIA Request;

35. Enter an order directing Defendant to conduct searches for any and all records responsive to the FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Request;

36. Enter an order directing Defendant to make any and all non-exempt records responsive to the requests promptly available and produce a *Vaughn* index of any responsive records withheld under claim of exemption;

37. Enter an order enjoining Defendant from continuing to withhold any and all non-exempt records response to the FOIA Request;

38. Award reasonable attorneys' fees, costs, and expenses; and grant any and all other relief as this Court deems just and proper.

Respectfully submitted this April 23, 2024.

/s/ Braden H. Boucek

Braden H. Boucek
  Tenn. BPR No. 021399
  Ga. Bar No. 396831
Jordan R. Miller*
  Mich. Bar No. P81467
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Road, Suite 104
Roswell, GA  30075
Tel.: (770) 977-2131
bboucek@southeasternlegal.org
jmiller@southeasternlegal.org

*Attorneys for Plaintiff*

*\* Motion for Pro Hac Vice Admission Forthcoming*