IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC., <br> PLAINTIFFS, <br><br> *v.* <br><br> UNITED STATES DEPARTMENT OF EDUCATION, <br> DEFENDANT. | Civil Action No. <br><br> 1:24-CV-01744-MHC |

**DEFENDANT'S MOTION TO DISMISS**
**WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiff Southeastern Legal Foundation, Inc. ('Plaintiff") has filed this action seeking to compel Defendant, United States Department of Education ("Defendant"), to respond to Plaintiff's request under the Freedom of Information Act ("FOIA"). On June 14, 2024, Defendant responded to the request and thus the complaint is now moot. Accordingly, the complaint should be dismissed for lack of subject matter jurisdiction. This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1).

## BACKGROUND

On June 9, 2022, Plaintiff submitted a FOIA request seeking public records related to documents and communications concerning an investigation by the

Office of Civil Rights. (Doc. 1 ¶¶ 4-5). The next day, Defendant issued Plaintiff two letters acknowledging the FOIA request. (*Id.* ¶ 14). Defendant, however, missed the statutory deadline. (*Id.* ¶ 5). On April 23, 2024, Plaintiff filed this action to compel Defendant's compliance with FOIA. (*Id.* ¶ 6).

## ARGUMENT

Federal courts lack the authority to decide moot questions or abstract propositions of law because they do not constitute "cases or controversies" under Article III of the United States Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401-03 (1975); *Soliman v. United States ex rel.*, *INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). If a case or claim is moot, the Court lacks subject matter jurisdiction to decide it. *Securities and Exchange Commission v. Medical Committee for Human Rights*, 404 U.S. 403, 406-07 (1972). In order for a court to retain jurisdiction, a real controversy must exist—not only when suit is filed, but throughout all stages of the case. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). On June 14, 2024, Defendant responded to Plaintiff's FOIA request, including producing documents pertinent to the request. (Vance Decl. ¶ 3, Ex. A). Thus, the case is now moot. Accordingly, the case should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1) (authorizing dismissal for lack of subject matter jurisdiction).

## CONCLUSION

For the reasons argued above, the complaint should be dismissed.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

*/s/ Holly Vance*
HOLLY VANCE
*Assistant United States Attorney*
holly.a.vance@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6252

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion and brief have been prepared using Book Antiqua, 13-point font.

/s/ Holly Vance
HOLLY VANCE
*Assistant United States Attorney*

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record. June 20, 2024.

*/s/ Holly Vance*
HOLLY VANCE
*Assistant United States Attorney*